PICKHARDT et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 16, 1900.)

No. 2,899.

CUSTOM DUTIES—DYES.

The dyes known as "alizarin brown" and "coerulein" are not shown to be "derived from anthracin," so as to be free from duty, under Act Cong. 1897, par. 469, by the facts that the presence of anthracin in the colors has been determined by chemical tests, that no chemical examination of the article will satisfactorily disclose the raw materials from which the dye is made, and that the only other sources of information accessible to the government are the statement of the maker or importer, if he chooses to make one, or of the specification in the patent, if there be one, since not conclusive that the word "derived" should be used in its technical or chemical sense of having anthracin as a base, or responding to the chemical tests for anthracin, as distinguished from its ordinary sense.

Appeal by the importers from a decision of the board of general appraisers which affirmed the classification for duty by the collector of the merchandise in question.

W. Wickham Smith, for importers.

Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The merchandise in question comprises various dyestuffs or colors. The only ones to be here

considered are alizarin brown and the dye known as "coerulein." They were assessed for duty under the provisions of paragraph 15 of the act of 1897 as "coal-tar dyes or colors, not specially provided 'for in this act, thirty per centum ad valorem"; and were claimed as free under the provisions of paragraph 469 of said act, which is as follows: "Alizarin, natural or artificial, and dyes derived from alizarin or from anthracin."

Counsel for the importers concedes that these articles are not artificial alizarin, which, under the decisions of the courts and of the board of general appraisers, is dioxyanthraquinone, and which is the only article included under the term "artificial alizarin," and which is a product of anthracin. Counsel for the importers contends that these colors are dyes derived from anthracin, and that the word "derived" is here to be used in the chemical sense of having anthracin as a base or responding to the chemical tests for anthracin. Upon this he makes the following further contentions, namely: That the presence of anthracin in these colors has been determined by chemical tests; that no chemical examination of the article will satisfactorily disclose the raw materials from which the dye is made; and that the only other sources of information accessible to the government are the statements of the maker or importer, if he chooses to make one, or of the specifications in the patent, if there be one.

I am satisfied, from a careful examination of the evidence and of the exhaustive opinion of the board of general appraisers, that these contentions are not sufficiently proved. The importers have failed to show that the dyes in question were derived from alizarin or from anthracin as a source. They have failed to show that congress intended that the term "derived" should be used in this connection in the technical or chemical sense, as distinguished from its ordinary sense. The decision of the board of general appraisers is affirmed.